5/24/2023 10:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75950821
By: Kerrylone Asberry
Filed: 5/24/2023 10:52 AM

2023-32248 / Court: 157

CAUSE NO. _____

| | | |
|---|---|---|
| **GINA GARZA,** | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| **RYAN WILLIAMS,** | § § § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Gina Garza, ("Plaintiff") files this Original Petition complaining of Defendant Ryan Williams ("Defendant").

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. JURY TRIAL

Plaintiff demands a trial by jury and include the appropriate jury fees.

### III. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. PARTIES

Plaintiff Gina Garza is an individual resident of Spring, Harris County, Texas. Her driver's license is *****022.

Defendant Ryan Williams is an individual resident of Houston, Harris County, Texas and may be served with process at 836 West 27th Street, Houston, Texas 77008.

## V. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Harris County, Texas. Venue therefore is proper in Harris County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## VI. FACTS

This lawsuit arises out of a motor vehicle incident that occurred on or about June 29, 2021, at or near the intersection of Mangum Road and Dacoma Street within the city limits of Houston, Harris County, Texas. Plaintiff Gina Garza was traveling northbound on Mangum Road. Defendant Ryan Williams was traveling westbound on Dacoma Street when he disregarded a traffic signal, ran a solid red light at the intersection and struck Plaintiff's vehicle. Defendant was issued a citation for running the red light. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VII.  CAUSES OF ACTION

**A.    NEGLIGENCE – DEFENDANT RYAN WILLIAMS**

At the time of the motor vehicle collision, Defendant Ryan Williams was operating his vehicle negligently. Specifically, Defendant had a duty to exercise ordinary care and operate her vehicle reasonably and prudently.  Defendant breached that duty in one or more of the following particulars:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;
2. Defendant disregarded a red light in violation of Texas Transportation Code Section 544.007(d);
3. Defendant entered the intersection when it was unsafe to do so;
4. Defendant failed to obey traffic signals;
5. Defendant failed to control his vehicle;
6. Defendant failed to control his speed;
7. Defendant failed to pay attention to the roadway condition and circumstances;
8. Defendant was driving at an excessive speed for the existing circumstances;
9. Defendant failed to timely apply the brakes of his vehicle in order to avoid the collision in question;
10. Defendant was distracted in his vehicle;
11. Driver inattention; and
12. Defendant failed to safely operate his vehicle.

**B.    NEGLIGENCE PER SE– DEFENDANT RYAN WILLIAMS**

Defendant Ryan Williams's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code 544.007(d). Plaintiff was a member of the class that Texas Transportation Code 544.007(d) is designed to protect.  Defendant's unexcused breach of the duty imposed by Texas Transportation Code 544.007(d) proximately caused damages described herein.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently Plaintiff's injuries and damages.

## VIII. DAMAGES

As a proximate result of Defendant's negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintff suffered the following damages:

a. Medical expenses in the past and future;
b. Lost wages in the past and loss of earning capacity in the future;
c. Physical pain and suffering in the past and future;
d. Mental anguish in the past and future; and
e. Physical impairment in the past and future.

In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendant.

## IX. U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## X. INTENT TO USE DEFENDANT'S DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## XI.  RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer herein, that this cause be set for trial before a jury, and that upon final hearing thereof, Plaintiff recovers judgment against Defendant for:

1. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiffs;
2. Plaintiff's future medical expenses;
3. Plaintiff's lost wages in the past and loss of earning capacity in the future;
4. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;
5. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;
6. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;
7. Interest on the judgment at the legal rate from the date of judgment;
8. Pre-judgment interest on Plaintiff's damages as allowed by law;
9. All costs of court; and
10. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE CAIN LAW FIRM, PC**

BY:   */s/ Willem VanZeben*
**WILLEM VANZEBEN**
State Bar No. 224107218
E-Mail: Willem@cainfirm.com
**ROLANDO DE LA GARZA**
State Bar No. 24097579
E-Mail: Rolando@cainfirm.com
**W. BRETT CAIN**
State Bar No. 24048379
E-Mail: Brett@cainfirm.com
301 Commerce St., Ste. 2395
Ft. Worth, Texas 76102
Telephone: (682) 738-4691
Facsimile: (817) 573-4848
E-Service: eservice@cainfirm.com

**ATTORNEYS FOR PLAINTIFF**