**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GINA GARZA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-03509** |
| | § | |
| **RYAN WILLIAMS,** | § | |
| | § | **JURY REQUESTED** |
| *Defendant.* | § | |
| | § | |
| | § | |

## DEFENDANT RYAN WILLIAMS' 12(b)(6) MOTION TO DISMISS

Defendant Ryan Williams, pursuant to Federal Rule of Civil Procedure 12(B)(6), makes and files this Motion to Dismiss, and states as follows:

### RELIEF REQUESTED

1. Because Plaintiff, Gina Garza, did not attempt to serve Defendant, Ryan Williams, until after the statute of limitations ran –three months filing suit and obtaining the citation, Plaintiff's claims are barred under the statute of limitations. As such, Defendant seeks to have all of Plaintiff's claims against Defendant dismissed.

### PROCEDURAL HISTORY

2. On May 24, 2023, Plaintiff, Gina Garza filed Plaintiff's Original Petition against Ryan Williams. This case is Cause No. 2023-32248, *Gina Garza v. Ryan Williams*, in the 157th Judicial District Court of Harris County, Texas.

3. In its Original Petition, filed on May 24, 2023, Garza asserts allegations against Williams for negligence and negligence per se, due to personal injuries allegedly due to a motor vehicle accident which occurred on June 29, 2021. On May 24, 2023, Plaintiff requested and received a citation for Williams. Garza served Williams with citation on August 24, 2023, via Certified Mail

Return Receipt Requested to his address in Georgia. No return of service has been filed with the District Clerk of Harris County or with this Court as of the date of this filing.

4. Said another way, Plaintiff filed this case on May 24, 2023, and requested citation. Even though Plaintiff had the citation, Plaintiff waited until after the statute of limitations ran before serving Defendant three months after the citation was issued.

## LEGAL STANDARD

### A. 12(b)(6) Motion to Dismiss.

5. The test of pleadings under a 12(b)(6) motion is intended to balance a party's right to redress against the interests of all parties plus the court in reducing the amount of time, money, and resources that would be devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

6. "The statute of limitations is usually pled as an affirmative defense, and defenses are generally not the proper subject of Rule 12(b)(6) motions." *"Sutton Place 1 Townhouse v. AmGuard Ins. Co.,* No. EP-22-CV-00164-DCG, 2023 WL 2874448, at *4 (W.D. Tex. Apr. 10, 2023). "Nonetheless, a statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Id.* "Besides considering the plaintiff's pleadings when assessing whether a plaintiff's claims are time-barred, the court may also consider documents subject to judicial notice, such as court records." *Id.*

### B. Plaintiff Had to Serve Defendant Diligently.

7. Because this is a diversity case, Texas law controls whether Plaintiff satisfied the statute of limitations. *Ocwen Loan Servicing, L.L.C. v. Berry*, 852 F.3d 469, 473 (5th Cir. 2017). The limitations period for Plaintiff's claims is two years. *See* TEX. CIV. PRAC. & REM. CODE §

16.003; *Alcan Aluminum Corp. v. BASF Corp.*, 133 F.Supp.2d 482, 505 (N.D. Tex. 2001) (applying Texas law and noting "[n]egligence claims are subject to a two-year statute of limitation.") "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Bowman v. Sandofi-Aventis U.S.,* No. A-09-CA-192-SS, 2009 WL 5083435, at *2 (W.D. Tex. Dec. 10, 2009).

8.   "To comply with a statute of limitations under Texas law, it is not enough to file a lawsuit before the limitations period expires. *Sutton Place*, 2023 WL 2874448, at *4. "The plaintiff must also either (1) serve the defendant with process before the limitations period expires; or (2) exercise due diligence in serving the defendant after the limitations period expires." *Id.*

9.   Due diligence generally is a fact question, asking "whether the plaintiff acted as an ordinarily prudent person . . . and was diligent up until the time the defendant was served*." Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007).  A lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for the delay or "the plaintiff's excuse conclusively negates diligence." *Id.*  "If the plaintiff does not exercise due diligence, however, the statute of limitations bars the suit." *Sutton Place*, 2023 WL 2874448, at *4.

## ANALYSIS

10. Because Plaintiff did not diligently serve Defendant after the statute of limitations ran, Plaintiff's claims are time barred and should be dismissed.

### A.  The Timeline

11. The accident occurred on June 29, 2021.

12. The Original Petition was filed on May 24, 2023.

13. The Citation was requested and provided on May 24, 2023.

14. Statute of limitations ran on June 29, 2023.

15. Defendant was served on August 24, 2023.

**B.  There is No Evidence of Due Diligence**

16. It is undisputed that the Original Petition was filed prior to the statute of limitations running. There is no dispute that Defendant was served months after the statute of limitations passed. Because of these facts, Plaintiff failed to exercise due diligence by failing to perfect service until **ninety-three** days after receiving the citation, months after the statute of limitations ran. *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex.App.-Dallas 2009, no pet.) (holding suit barred by limitations when plaintiff failed to explain **thirty-one day** delay between expiration of limitations and service); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex.App.-San Antonio 1999, pet. denied) (upholding summary judgment based on expiration of limitations because plaintiff failed to explain **twenty-five-day** delay between expiration of limitations and service); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex.App.-Dallas 1996, writ denied) (upholding summary judgment based on expiration of limitations because plaintiff failed to explain **eighteen-day** delay between expiration of limitations and service); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 732 (Tex.App.-Dallas 2000, pet. denied) (**three-month** delay lacked diligence); *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex.App.-San Antonio 1999, no pet.) (**three-month** delay in serving lack of due diligence as a matter of law). Plaintiff knew or should have known that she had to serve Defendant with "due diligence" because of the lapse of the statute of limitations, and despite this, Plaintiff still waited over three months from citation to service.

17. Because Plaintiff waited **ninety-three** days to serve the citation, months after the statute of limitations ran, Plaintiff was not diligent in serving Defendant and Plaintiff's claims are barred under the statute of limitations. Plaintiff's claims should be dismissed.

# CONCLUSION

Ryan Williams prays that the Court dismisses Plaintiff's claims with prejudice, awards him costs, and awards Defendant any such other relief to which he may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

**NICK LANZA**
*Attorney in Charge*
TBA No. 11941225
Federal Bar No. 11333
**GRACE N. COUSINS**
TBA No. 24109758
Federal Bar No. 3364219
2502 Algerian Way
Houston, TX 77098
eservice@lanzalawfirm.com
(713) 432-9090 Telephone
(713) 668-6417 Facsimile

**ATTORNEYS FOR DEFENDANT,
RYAN WILLIAMS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was sent to all known counsel of record pursuant to the Federal Rules of Civil Procedure on the 25th day of March 2024, via ECF.

Rolondo De Le Garza
W. Brett Cain
THE CAIN LAW FIRM, PC
301 Commerce St., Ste. 2395
Ft. Worth, TX 76102
Tel: (682) 738-4691
Fax: (817) 573-4848

_____
Grace N. Cousins