IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GINA GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-03509 |
| | § | |
| RYAN WILLIAMS, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF GINA GARZA'S RESPONSE TO DEFENDANT RYAN WILLIAMS' 12(b)(6) MOTION TO DISMISS**

Plaintiff Gina Garza, under Federal Rule of Civil Procedure 12(B)(6), makes and files this Response to Defendant Ryan Williams' Motion to Dismiss and states as follows:

**I. INTRODUCTION**

The Plaintiff, Gina Garza, initiated this lawsuit within the applicable statute of limitations, demonstrating persistence, diligence, and good faith in serving process on the defendant. Despite unique challenges, including the defendant's relocation, the Plaintiff pursued all reasonable avenues to serve the Defendant, who ultimately participated in this litigation, thus waiving any defense based on the service of process.

**II. ARGUMENT AND AUTHORITIES**

**Timeliness of the Lawsuit Filing**

The Defendant alleges that "There is No Evidence of Due Diligence … Plaintiff waited ninety-three days to serve the citation" (*see* Defendant Ryan Williams' 12(b)(6) Motion to Dismiss, p.4). The Plaintiff's evidence shows that she was unwaveringly relentless in her diligence and that the citation was, in fact, delivered to Defendant, although he refused to sign a return of service and acknowledge or waive service of process.

Plaintiff Gina Garza filed this suit on May 24, 2023, within the two-year statute of limitations that expired on June 25, 2023. This filing timeline adheres to the precedent established in *Razmzan v. Wal-Mart Stores, Inc.*, 2017 WL 1654074 (US Dist. Ct., E.D. Texas, 2017) (affirming that a Plaintiff's late service of process on the Defendant is excused

if the suit was filed within the applicable limitations period and the Plaintiff exercised due diligence in effectuating service.).

### Due Diligence in Service of Process

After her timely filing, Plaintiff diligently attempted to serve Defendant over the next several months. First, from May 26 to June 1, 2023, she tried unsuccessfully to serve him at his last known address in Texas. Following a skip trace that revealed a new residence in Georgia, Plaintiff attempted service there from June 29 to July 22, 2023. That effort was unsuccessful despite repeated attempts by the Plaintiff's process server. Next, the Plaintiff mailed the citation to the address of a known relative on August 4, 2023. That letter was returned undelivered. On the same day, Plaintiff mailed service to Defendant's new residence in Fulton County, Georgia. Although no return of service was given, the USPS tracking system showed that the citation was delivered. In one final attempt to obtain either a formal return of service or waiver of service from Defendant, Plaintiff mailed a second copy of the citation to Defendant's new address in Georgia. That copy was apparently lost in the mail and never delivered or returned.

Despite never receiving a return of service, Plaintiff's efforts were ultimately effective and led to Defendant acknowledging the lawsuit by filing an answer on September 6, 2023. Her unflaggingly persistent pursuit of service reflects the Plaintiff's commitment to the principles upheld in *Perez v. Best Buy Stores, L.P.,* 2021 WL 411147 (U.S. Dist Ct, W.D. Texas, 2021) (holding that diligence in service, particularly under complex circumstances, presents a question of fact rather than law.).

### Impact of Defendant's Frequent Moves

The Defendant's relocations since the incident, culminating in a change of domicile to Georgia, presented unique obstacles to service. However, despite these challenges, the Plaintiff's efforts to locate and serve the Defendant align with the facts of *Beavers v. Darling*, 491 S.W.2d 711 (Court of Civil Appeals of Texas, Waco, 1973) (acknowledging that such circumstances do not diminish the Plaintiff's exercise of reasonable diligence.).

### Defendant's Answer and Waiver of Service

By receiving the citation and summons and then answering the lawsuit on September 6, 2023, Defendant engaged with the legal process, thereby waiving his objection to the timeliness of service. Federal Rules of Civil Procedure Rule 4(d)(2), *Kogan v. Facebook, Inc.,* 334 F.R.D. 393 (U. S. Dist Ct, S.D. New York. 2020). The Defendant's failure to waive service without good cause negates any defense premised on the inadequacies or timeliness of service. *Girlinghouse v. Capella Healthcare, Inc.*, 2015 WL 13358295 (U.S. Dist Ct, W.D. Arkansas 2015).

## III. CONCLUSION

Given the timely filing of this lawsuit, the demonstrated diligence of the Plaintiff in serving the Defendant despite substantial challenges, and the Defendant's active participation in this litigation, the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss. The facts and law support the continuation of this action to ensure a just and fair resolution on the merits.

Respectfully submitted,

BY: /s/ *Stephen A. Schoenhoff*
**STEPHEN A. SCHOENHOFF**
State Bar No. 24137181
E-Mail: steves@cainfirm.com
**ROLANDO DE LA GARZA**
State Bar No. 24097579
E-Mail: Rolando@cainfirm.com
**W. BRETT CAIN**
State Bar No. 24048379
E-Mail: Brett@cainfirm.com

**THE CAIN LAW FIRM, PC**
301 Commerce St., Ste. 2395
Ft. Worth, Texas 76102
Telephone: (817) 577-7777
Facsimile: (817) 573-4848
E-Service: eservice@cainfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 1st day of April 2024, pursuant to the Federal Rules of Civil Procedure.

*/s/ Stephen A. Schoenhoff*
**STEPHEN A. SCHOENHOFF**