# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GINA GARZA, | § | |
| *Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-03509 |
| RYAN WILLIAMS, | § § | JURY REQUESTED |
| *Defendant.* | § § § | |

## DEFENDANT RYAN WILLIAMS' MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS

### RELIEF REQUESTED

1. Because Plaintiff, Gina Garza, did not attempt to serve Defendant, Ryan Williams, until after the statute of limitations ran –three months filing suit and obtaining the citation, Plaintiff's claims are barred under the statute of limitations. As such, Defendant seeks to have all of Plaintiff's claims against Defendant dismissed.

### PROCEDURAL HISTORY

2. On May 24, 2023, Plaintiff, Gina Garza filed Plaintiff's Original Petition against Ryan Williams. This case is Cause No. 2023-32248, *Gina Garza v. Ryan Williams*, in the 157th Judicial District Court of Harris County, Texas.

3. Discovery closed on June 5, 2024, and this matter is set for trial on January 21, 2025.

4. In her Original Petition, filed on May 24, 2023, Garza asserts allegations against Williams for negligence and negligence per se, due to personal injuries allegedly due to a motor vehicle accident which occurred on June 29, 2021. On May 24, 2023, Plaintiff requested and received a citation for Williams. Garza served Williams with citation on August 24, 2023, via Certified Mail

Return Receipt Requested to his address in Georgia. No return of service has been filed with the District Clerk of Harris County or with this Court as of the date of this filing.

5. Said another way, Plaintiff filed this case on May 24, 2023, and requested citation. Even though Plaintiff had the citation, Plaintiff waited until after the statute of limitations ran before serving Defendant three months after the citation was issued.

## LEGAL STANDARD

**Plaintiff Had to Serve Defendant Diligently.**

6. Because this is a diversity case, Texas law controls whether Plaintiff satisfied the statute of limitations. *Ocwen Loan Servicing, L.L.C. v. Berry*, 852 F.3d 469, 473 (5th Cir. 2017). The limitations period for Plaintiff's claims is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003; *Alcan Aluminum Corp. v. BASF Corp.*, 133 F.Supp.2d 482, 505 (N.D. Tex. 2001) (applying Texas law and noting "[n]egligence claims are subject to a two-year statute of limitation.") "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Bowman v. Sandofi-Aventis U.S.,* No. A-09-CA-192-SS, 2009 WL 5083435, at *2 (W.D. Tex. Dec. 10, 2009).

7. "To comply with a statute of limitations under Texas law, it is not enough to file a lawsuit before the limitations period expires. *Sutton Place*, 2023 WL 2874448, at *4. "The plaintiff must also either (1) serve the defendant with process before the limitations period expires; or (2) exercise due diligence in serving the defendant after the limitations period expires." *Id.*

8. Due diligence generally is a fact question, asking "whether the plaintiff acted as an ordinarily prudent person . . . and was diligent up until the time the defendant was served*." Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). A lack of due diligence may be found as a matter of

law if the plaintiff offers no excuse for the delay or "the plaintiff's excuse conclusively negates diligence." *Id.* "If the plaintiff does not exercise due diligence, however, the statute of limitations bars the suit." *Sutton Place*, 2023 WL 2874448, at *4.

9. "In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the information considered is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Candido Neptali Soriano Ponce v. Madaminov*, 1:23-CV-00964-DII (W.D. Tex., Jan 26, 2024); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

10. If the plaintiff does not exercise due diligence in serving the defendants, the lawsuit is deemed filed on the date of service. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). "The standard to assess diligence is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Sadeghian v. Denton Cent. Appraisal Dist.,* 02-23-00364-CV (Tex. App. — Ft. Worth, Mar 28, 2024). "Generally, the question of the plaintiff's diligence in effecting service is one of fact and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.* "But the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.* "When the record reveals a period of time when the plaintiffs made no efforts to serve the defendant, and that lack of effort is unexplained, there is a lack of due diligence as a matter of law." *Smith v. Ramos*, No. 09-21-00153-CV, 2023 Tex. App. LEXIS 1571 (Tex. App. — Beaumont, Mar. 9, 2023).

11. "Any delay after the expiration of the limitations period is significant, whether one day or three months." *Candido Neptali Soriano Ponce v. Madaminov*, 1:23-CV-00964-DII (W.D. Tex., Jan 26, 2024). Plaintiff has the burden of explaining **every** lapse in effort or period of delay. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam) (emphasis added). If an explanation affirmatively establishes a lack of reasonable diligence, a lack of diligence can be found even in the face of an offered explanation. *Waggoner v. Sims*, 401 S.W.3d 402, 406 (Tex.App.—Texarkana 2013, no pet.). "[I]f no explanation consistent with due diligence is offered, the reasonableness of a plaintiff's delay cannot be factually determined." *Williams v. Cleaveland*, 05-22-01363-CV (Tex.App.— Dallas, Feb 15, 2024); *Liles v. Phillips*, 677 S.W.2d 802, 809 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.) (holding lack of diligence existed as matter of law when the plaintiff 'offered no explanation whatsoever concerning the delay between filing suit and service of citation').

**ANALYSIS**

12. Because Plaintiff did not diligently serve Defendant after the statute of limitations ran, Plaintiff's claims are time barred and summary judgment should be granted.

**A. The Timeline**

- The accident occurred on June 29, 2021.
- The Original Petition was filed on May 24, 2023.
- The Citation was requested and provided on May 24, 2023.
- "[F]rom May 26 to June 1, 2023, [Plaintiff] tried unsuccessfully to serve [Defendant] at his last known address in Texas." Dkt. 23 at ¶4.
- **[Nothing from June 2, 2023, until June 29, 2023 –<u>twenty-seven days</u>]**
- "Plaintiff attempted service there from June 29 to July 22, 2023." Dkt. 23 at ¶4.

- Statute of limitations ran on June 29, 2023.

- **[Nothing from July 23, 2023, to August 4, 2023 –<u>thirteen days</u>]**

- "Plaintiff mailed the citation to the address of a known relative on August 4, 2023." Dkt. 23 at ¶4.

- "[August 4, 2023,] Plaintiff mailed service to Defendant's new residence…. No return of service was given." Dkt. 23 at ¶4.

- *On an unknown date*, Plaintiff made "one final attempt….Plaintiff mailed a second copy of the citation to Defendant's new address in Georgia….*[t]hat copy was apparently lost in the mail and never delivered or returned."* Dkt. 23 at ¶4.

- **[Nothing from August 5, 2023, to September 6, 2023 –<u>thirty-three days</u>]**

- Defendant was served on August 24, 2023.

- Defendant filed his Original Answer on September 6, 2023.

Plaintiff claims to have taken steps to have Defendant served prior to the Statute of Limitations running, but took a twenty-seven-day break, attempted to served Defendant a few more times, then sent a few correspondences without receiving the returns of service, and **<u>did nothing for thirty-three days,</u>** until an Answer was filed. Throughout this timeline there is a **<u>total lapse of effort for *seventy-three* days without any explanation</u>**.

Because of the substantial lapses of effort and no explanation provided by Plaintiff, Plaintiff failed to exercise due diligence as a matter of law. *See, e.g., Woldesilassie v. Bishop,* No. H-22-3672, 2023 WL 5660140, at *3 (S.D. Tex. Aug. 31, 2023) (finding due diligence not shown when the plaintiff did not explain his failure to request a summons until more than a week after filing suit or correct deficiencies in that request for another month); *Hendrix v. Cornerstone Realty Income Tr.,* No. 3:06-CV-0596-AH, 2006 WL 2583215, at *4 (N.D. Tex. Aug. 30, 2006) (finding

no due diligence when the plaintiff did not explain the two-month delay between filing and service*); Williams v. Cleaveland*, 05-22-01363-CV (Tex.App.— Dallas, Feb 15, 2024) (holding that the plaintiff failed to exercise due diligence as a matter of law due to no verified or sworn explanation for the delay in service). As such, Defendant's summary judgment should be granted.

### B. There is No Evidence of Due Diligence

13. It is undisputed that the Original Petition was filed prior to the statute of limitations running. There is no dispute that Defendant was served months after the statute of limitations passed. Because of these facts, Plaintiff failed to exercise due diligence by failing to perfect service until **ninety-three** days after receiving the citation, months after the statute of limitations ran. *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex.App.-Dallas 2009, no pet.) (holding suit barred by limitations when plaintiff failed to explain **thirty-one day** delay between expiration of limitations and service); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex.App.-San Antonio 1999, pet. denied) (upholding summary judgment based on expiration of limitations because plaintiff failed to explain **twenty-five-day** delay between expiration of limitations and service); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex.App.-Dallas 1996, writ denied) (upholding summary judgment based on expiration of limitations because plaintiff failed to explain **eighteen-day** delay between expiration of limitations and service); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 732 (Tex.App.-Dallas 2000, pet. denied) (**three-month** delay lacked diligence); *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex.App.-San Antonio 1999, no pet.) (**three-month** delay in serving lack of due diligence as a matter of law). Plaintiff knew or should have known that she had to serve Defendant with "due diligence" because of the lapse of the statute of limitations, and despite this, Plaintiff still waited over three months from citation to service.

14. Because Plaintiff waited **ninety-three** days to serve the citation, months after the statute of limitations ran, Plaintiff was not diligent in serving Defendant and Plaintiff's claims are barred under the statute of limitations.

15. Plaintiff has not provided a detailed explanation for the gaps between filing and service. Plaintiff has only supplied vague outlines of the steps taken to effect service. In fact, Plaintiff's Response shows on its face that Plaintiff was unaware that service had even occurred until Defendant filed his Answer. Dkt 23 at ¶5. Plaintiff's own Response proves there is no evidence of due diligence. As such, Defendant's summary judgment should be granted.

## CONCLUSION

Ryan Williams prays that the Court grants his summary judgment, dismisses Plaintiff's claims with prejudice, awards him costs, and awards Defendant any such other relief to which he may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

**NICK LANZA**
*Attorney in Charge*
TBA No. 11941225
Federal Bar No. 11333
**GRACE N. COUSINS**
TBA No. 24109758
Federal Bar No. 3364219
2502 Algerian Way
Houston, TX 77098
eservice@lanzalawfirm.com
(713) 432-9090 Telephone
(713) 668-6417 Facsimile

**ATTORNEYS FOR DEFENDANT,
RYAN WILLIAMS**

**CERTIFICATE OF SERVICE**

   I certify that a true and correct copy of this document was sent to all known counsel of record pursuant to the Federal Rules of Civil Procedure on the 6th day of June 2024, via ECF.

Rolondo De Le Garza
W. Brett Cain
THE CAIN LAW FIRM, PC
301 Commerce St., Ste. 2395
Ft. Worth, TX 76102
Tel: (682) 738-4691
Fax: (817) 573-4848

                 _____
                 Grace N. Cousins