United States District Court
Southern District of Texas
**ENTERED**
December 05, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GINA GARZA, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-3509 |
| | § | |
| RYAN WILLIAMS, | § | |
| *Defendant*. | § | |

## ORDER

Pending before the Court is Defendant Ryan William's ("Defendant") Rule 12(b)(6) Motion to Dismiss. (Doc. No. 20). Plaintiff Gina Garza ("Plaintiff") filed a response in opposition, (Doc. No. 21), and Defendant replied. (Doc. No. 22). Also pending is Defendant's Motion for Summary Judgment on Statute of Limitations. (Doc. No. 24). Plaintiff responded in opposition, (Doc. No. 29), and Defendant Replied (Doc. No. 33). Upon consideration of the relevant facts, law, and arguments of the parties, the Court **DENIES** these motions without prejudice.

### I.   Background

This case involves a car accident that took place in Harris County on June 29, 2021. Plaintiff alleges that Defendant, driving on a road perpendicular to Plaintiff, drove straight through a red light and struck her vehicle as she passed through the intersection. (Doc. No. 1-3 at 3). Plaintiff filed this suit alleging that Defendant's negligence and negligence per se were the cause of her injuries. (Doc. No. 1-3 at 4). Plaintiff initially filed suit in Harris County, and Defendant removed the case to federal court after filing his Original Answer in the state court. (Doc. No. 1).

Six months after filing his Original Answer (Doc. No. 1-5), and Notice of Removal to this Court, (Doc. No. 1), Defendant filed his Rule 12(b)(6) Motion to Dismiss (Doc. No. 20). In this motion, Defendant requests this Court dismiss the case based solely on the fact that Plaintiff failed

to effectuate service before the statute of limitations ran. Defendant argues that, because the car accident occurred on June 29, 2021, and Defendant was not properly served until August 24, 2023, the two-year statute of limitations in Texas law bars any of Plaintiffs claims related to the car accident. (Doc. No. 20 at 1-2).

Plaintiff's response alleges numerous facts to show that Plaintiff sought to effectuate service with sufficient due diligence that the statute of limitations should be tolled. (Doc. No. 21). In one sentence on the last page of the response, however, Plaintiff raises the fact that Defendant's Answer does not plead the statute of limitations as a defense. (Doc. No. 21 at 2). Defendant then filed a Motion for Summary Judgment on the grounds that Plaintiff's claim was barred by the statute of limitations and that Plaintiff had not shown due diligence in attempting service. (Doc. No. 24). Defendant's Motion for Summary Judgment was almost identical to the Motion to Dismiss and relied on the same arguments regarding Plaintiff's attempts to effectuate service. In Plaintiff's response, there is no further mention of Defendant's failure to properly raise that defense. (*See generally*, Doc. No. 29).

## II.   Legal Standards

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

In a diversity case, such as this, in which the causes of action arise under Texas law, federal courts apply Texas statutes of limitation, along with any accompanying rules regarding accrual and tolling. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir.1997) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750–53 (1980)); *see Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 649 (5th Cir. 2001). Under Texas rules, defendants claiming an affirmative defense bear the burden of pleading and proving it. Texas Rule of Civil Procedure 94 requires a party to plead affirmatively those defenses listed in the rule "and any other matter constituting an avoidance or affirmative defense." TEX. R. CIV. P. 94.

Defendant's Original Answer includes a general denial and some topic specific defenses—none of which mention the statute of limitations. (Doc. No. 1-5 at 1). A general denial places the plaintiff's entire case at issue and typically does not require the defendant to specifically plead

3

reasons why the plaintiff's allegations and legal conclusions are false. Nevertheless, specific defenses and "any matter constituting an avoidance or affirmative defense, shall be set forth affirmatively in the responsive pleading." *Zorrilla v. Aypco Construction II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015). Further, "[i]f an affirmative defense or avoidance is not expressly pleaded, the party cannot rely on the defense as a bar to liability." *Id.* Texas Rule of Civil Procedure 94 expressly lists statute of limitations as an affirmative defense that must be specifically pleaded. Federal law likewise views statute of limitations as an affirmative defense that must be pleaded. *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004); *see also Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("The Federal Rules require an affirmative defense to be pleaded; failure to plead such a defense constitutes waiver.").

Here, Defendant had the burden to specifically plead his affirmative defense relating to the statute of limitations that applied to Plaintiff's claim. Nevertheless, Defendant did not raise the defense in his Original Answer in state court and has not filed any amended pleadings in this Court. Thus, Defendant cannot move for dismissal or summary judgment on an affirmative defense that he has not properly raised. *Zorrilla*, 469 S.W.3d at 155. Similarly, Defendant's Motion for Summary Judgment on Statute of Limitations relies on an affirmative defense that was not plead in Defendant's Original Answer. As such, Defendant cannot rely on that defense to avoid liability.

### IV. Conclusion

Based on the foregoing, the Court **DENIES** without prejudice Defendant's Motion to Dismiss, (Doc. No. 20), and Motion for Summary Judgment on Statute of Limitations. (Doc. No. 24).

SIGNED at Houston, Texas this 4th day of December, 2024.

Andrew S. Hanen
United States District Judge